## ANDERSON *et al. v.* THE STATE.

There was no error of law requiring the granting of a new trial.  **The evidence as to one of the accused was sufficient to warrant the verdict, but as to the other it was not.**

Submitted January 19, — Decided February 12, 1904.

Indictment for murder.    Before Judge Butt.    Harris superior court.  December 21, 1903.

*J. R. Terrell* and *R. A. Russell,* for plaintiffs in error.    *John C. Hart, attorney-general,* and *S. P. Gilbert, solicitor-general,* contra.

COBB, J.  Walker and Anderson were convicted of murder in taking the life of Hudson.    The evidence is voluminous and conflicting, and of such a character that it is difficult to determine what is the truth of the case.    There is evidence, however, which supports the verdict so far as Walker is concerned, it being shown that he fired a pistol at the deceased under circumstances which did not afford sufficient justification, that the ball struck the deceased, and that his death resulted from the wound thus inflicted. The case is different as to Anderson.    While there is evidence that he fired at the deceased, there is no evidence that the shot struck the deceased.    Anderson, therefore, could not have been legally convicted, unless there was evidence to show a conspiracy between him and Walker to take the life of the deceased.    The evidence is not sufficient for this purpose.    The special grounds of the motion for a new trial disclose no reason which required the granting of a new trial.    The court erred in overruling the general

grounds of the motion so far as they related to Anderson, but committed no error in so far as Walker was concerned.

*Judgment reversed as to Anderson, and affirmed as to Walker. All the Justices concur, except Simmons, C. J., absent.*